IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MIKE MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-0470-DGK |
| | ) | |
| AMERICAN RAILCAR INDUSTRIES, INC., | ) | |
| et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO REMAND

This case arises from Plaintiff Mike Marshall's ("Marshall") allegations that Defendant Ryan Enderson ("Enderson"), Marshall's manager at Defendant American Railcar Industries ("ARI"), sexually harassed him, and the other Defendants allowed this harassment to occur. Marshall is suing Defendants under the Missouri Human Rights Act ("MHRA") for sexual harassment and retaliation and under Missouri common law for battery, negligent supervision, and negligent retention.

Marshall filed this lawsuit in the Circuit Court of Clay County, Missouri, and Defendants removed it to this Court on the basis of federal question jurisdiction. Defendants claim § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141, *et. seq.*, completely preempts Marshall's MHRA claims.

Pending before the Court is Marshall's Motion to Remand (Doc. 12). Finding that Marshall's claims are not substantially dependent upon or inextricably intertwined with interpretation of the terms in the parties' collective bargaining agreement ("CBA"), the motion is GRANTED. This case shall be remanded to the Circuit Court of Clay County, Missouri.

## Background

Marshall filed his Petition in the Circuit Court of Clay County, Missouri, on March 22, 2013. The Petition (Doc. 1-1) alleges that while Marshall was employed by ARI, Enderson regularly subjected him to uninvited sexual comments and touching, including kissing him, attempting to touch Marshall's genitals, showing videos of Enderson having sex with "Mrs. Enderson," and suggesting websites for swinging. The Petition alleges other ARI managers, including Defendants Corey Wright ("Wright"), Cole McClelland ("McClelland"), and Rod Atchison ("Atchison"), watched Enderson subject Marshall to this conduct. The Petition claims that after Marshall complained to management and filed a grievance, Defendants retaliated against him by subjecting him to an offensive and hostile investigation process, assigning him different job duties, terminating his FMLA leave, and other actions.

A labor organization, the Brotherhood of Railway Carmen/Division of T.C.U. and its Shippers Lodge No. 6343, AFL-CIO ("the Union"), represented Marshall while he was employed by ARI. As the sole collective bargaining agent for its members, the Union negotiated the terms and conditions of employment for Plaintiff and the other Union members. The Union and ARI memorialized these terms and conditions in a CBA.

On May 7, 2013, Defendants removed this action from the Circuit Court of Clay County, Missouri, alleging that this Court possessed original jurisdiction under its federal question jurisdiction, 28 U.S.C. § 1331. The Notice of Removal (Doc. 1) alleged that all of Plaintiff's claims are preempted by the LMRA; the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151, *et. seq.*; and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.*, and 29 CRF part 825. In their Opposition to the motion to remand, Defendants withdrew their assertion that this court has jurisdiction over Plaintiff's battery, negligent retention, and negligent

2

supervision claims, instead arguing only Plaintiff's MHRA claims are completely preempted by § 301 of the LMRA.

**Standard**

The statute governing removal provides in relevant part that "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). Defendants claim this Court has original and exclusive jurisdiction over Plaintiff's claims pursuant to its federal question jurisdiction, 28 U.S.C. § 1331. Because Defendants are the removing party, they bear the burden of establishing federal jurisdiction. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

"Ordinarily, the presence or absence of federal question jurisdiction is determined under the 'well-pleaded complaint' rule, which requires that the federal question appear on the face of the complaint." *Conrad v. Xcel Energy, Inc.*, No. 12-CV-2819 (PJS/FLN), 2013 WL 1395877, at *2 (D. Minn. April 5, 2013). There is an exception to the well-pleaded complaint rule in cases of "complete" preemption, that is, where a federal statute "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal."[1] *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Section 301 of the LMRA provides that "[s]uits for violations of contracts between an employer and a labor organization . . . may be brought in any district court of the United States

---

[1] As the Eighth Circuit observed,

> Sometimes there is confusion between complete preemption and what has been termed "ordinary" preemption. Ordinary preemption is a federal defense that exists where a federal law has superseded a state law claim. Express preemption occurs where a federal law explicitly prohibits or displaces state regulation in a given field. ERISA is a good example, for it explicitly states that, with enumerated exceptions, its provisions "shall supersede any and all State laws" relating to employee benefit plans.

*Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 248 (8th Cir. 2012).

3

having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). Congress enacted § 301 "in order to fashion a body of federal common law for the purpose of resolving labor disputes in a uniform manner across the country." *Trs. of the Twin City Bricklayers Fringe Benefit Funds v. Superior Waterproofing, Inc.*, 450 F.3d 324, 330 (8th Cir. 2006). The Supreme Court has determined that Section 301 completely preempts any state law claim founded on rights created by a CBA, as well as any claim whose resolution is substantially dependent upon or 'inextricably intertwined' with interpretation of a CBA's terms. *Id.* (citing *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 102-03 (1962); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213, 220 (1985)).

"While section 301 preempts claims founded directly on rights created by a CBA and claims substantially dependent on analysis of a CBA, not every dispute concerning employment or tangentially involving a provision of a CBA is preempted by section 301." *Clark v. Kellogg Co.*, 205 F.3d 1079, 1082 n.2 (8th Cir. 2000) (citation ommitted). When resolution of a state law claim consists of "purely factual questions pertain[ing] to the conduct of the employee and the conduct and motivation of the employer," there is no preemption because the claim does not require a court to interpret any term of a CBA. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988) (holding § 301 did not preempt a state law claim for retaliatory discharge even though the plaintiff initiated a grievance under the CBA before filing his lawsuit).

"Claims that revolve around the conduct or motive of the parties generally are not preempted because they do not require interpretation of the [CBA]," even if the CBA "would undoubtedly be referred to during the prosecution of the case." *Thomas v. Union Pac. RR Co.*, 308 F.3d 891, 893 (8th Cir. 2002). Even where dispute resolution under a CBA "would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without

interpreting the [CBA] itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." *Lingle*, 486 U.S. at 410; *see Cent. Iowa Power Co-op v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912-14 (8th Cir. 2009) (holding state law claims were independent of any federal question because the plaintiff's ability to prevail on the state law claim did not turn on the resolution of a disputed, substantial question of federal law). In order for there to be complete preemption, "the claim *must require* the interpretation of some *specific provision* of a CBA; it is not enough that the events in question took place in the workplace or that a CBA creates rights and duties similar or identical to those on which the state-law claim is based." *Meyer v. Schnucks, Mkts., Inc.*, 163 F.3d 1048, 1051 (8th Cir. 1998) (emphasis added).

## Discussion

**I.   Section 301 of the LMRA does not preempt Plaintiff's MHRA claims.**

Defendants argue that determining whether any harassment affected a term or condition of Marshall's employment will require a court to interpret the CBA negotiated between ARI and the Union, thus Marshall's MHRA sexual harassment claim is "inextricably intertwined" with interpretation of the CBA's terms. Specifically, Defendants claim the court will have to interpret the CBA to resolve allegations that: (1) Defendants assigned Marshall different duties; (2) Defendants threatened his employment; (3) Defendants gave him a written discipline; (4) Defendants threatened to terminate and suspend his FMLA; and (5) Defendants subjected Marshall to an accusatory and hostile interview process.

Defendants' argument is unpersuasive. Marshall is not alleging that Defendants' actions violated the CBA; Marshall is alleging that Defendants' actions constitute sexual harassment and retaliation under the MHRA. The relevant issue here is not whether Defendants could discipline Plaintiff under the CBA, the issue is *why* Defendants disciplined him. For example, did

5

Defendants assign Marshall different job duties because he was incompetent, or to retaliate against him for complaining about sexual harassment?

Marshall's MHRA claims are independent of the CBA; that is, a court will not have to construe the CBA to resolve them. *Lingle*, 486 U.S. at 407. Whether a state law claim is independent of a CBA can be determined by reviewing the claim's elements. *Id.* The elements of an MHRA sexual harassment claim are (1) plaintiff's membership in a protected class; (2) the plaintiff was subjected to unwelcome sexual harassment; (3) the plaintiff's gender was a contributing factor in the harassment; and (4) the harassment affected a term, condition, or privilege of the plaintiff's employment. *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 666 (Mo. banc. 2009). To establish unlawful retaliation under the MHRA, a plaintiff must show: (1) he complained of discrimination; (2) his employer took adverse action against him; and (3) a causal relationship between the protected activity and the adverse action. *McCrainey v. Kansas City Mo. Sch. Dist.*, 337 S.W.3d 746, 753 (Mo. Ct. App. 2011). Establishing the presence or absence of these elements in this case will not require interpreting any specific provision of the CBA, it will simply require the jury to examine Defendants' motives. *Bogan v. GM Corporation*, 500 F.3d 828, 833 (8th Cir. 2007) (holding no § 301 preemption because a jury would not have to consider the defendants' right to discipline under the CBA in order to resolve the plaintiff's state law tort claim). Although there may be tangential references to the CBA, Marshall's MHRA claims are not substantially dependent upon or 'inextricably intertwined' with interpretation of the CBA's terms. *Luecke v. Schnucks Markets, Inc.*, 85 F.3d 356, 359 (8th Cir. 1996) (finding no preemption where the pertinent factual inquiry turned on the employee's conduct and the employer's conduct and motivation).

Accordingly, the Court holds Defendants have failed to carry their burden of demonstrating that Plaintiff's MHRA claims are completely preempted by § 301 of the LMRA.

## II. Plaintiff's request for attorneys' fees is denied because Defendants had a tenuous, but objectively reasonable, basis to seek removal.

The Court now turns to Plaintiff's request for attorneys' fees under 28 U.S.C. § 1447(c). The Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). This provision is designed to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," but not to discourage defendants from seeking removal in all but the most obvious cases. *Id.* at 140.

In the present case, the Court finds Defendants' claim for removal was tenuous but did not lack an objectively reasonable basis. It was objectively reasonable because it is well-established that § 301 of the LMRA completely preempts some state law claims and there is no controlling caselaw which establishes that MHRA sexual harassment and retaliation claims analogous to those alleged here are not removable. *Cf. Schoenfeld v. Keiber*, No. 07-4020-CV-C-NKL, 2007 WL 1112621, at *3 (W.D. Mo. Apr. 10, 2007) (holding award of attorneys' fees appropriate because there was binding Eighth Circuit authority rejecting Defendant's argument for remand). There is also no evidence that Defendants removed this case solely to prolong the litigation or increase Plaintiff's litigation costs. Accordingly, the Court declines to order an award of attorneys' fees.

## CONCLUSION

For the reasons discussed above, Plaintiffs' Motion to Remand (Doc. 6) is GRANTED.

This case shall be remanded to the Circuit Court of Clay County, Missouri.

**IT IS SO ORDERED.**

Date:  December 12, 2013                    /s/ Greg Kays
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT